## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ETHEL R.,**

        **Plaintiff,**           **Case No. 1:20-cv-69**

                              **JUDGE DOUGLAS R. COLE**

      **v.**                   **Magistrate Judge Litkovitz**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

### OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's January 19, 2021, Report and Recommendation ("R&R") (Doc. 17), which recommends that this Court affirm the Commissioner of Social Security's ("Commissioner") decision and close this case. For the reasons more fully set forth below, the Court **OVERRULES** Plaintiff's Objection (Doc. 18), **ADOPTS** the Magistrate Judge's R&R (Doc. 17), and therefore **DISMISSES** Plaintiff's Complaint (Doc. 4) **WITH PREJUDICE**.

### BACKGROUND

This case arose after the Social Security Administration ("SSA") denied Plaintiff social security disability benefits in connection with two separate applications for benefits. Plaintiff first applied for Social Security disability benefits on December 2, 2014. (*See* ALJ Decision, First Certified Admin. R. ("R.") Ex. 2, Doc. 6-2, #32). The SSA denied that first application initially and upon reconsideration. (*Id.*). Next, an Administrative Law Judge ("ALJ") denied Plaintiff's first application in a post-hearing decision issued February 1, 2017. (*Id.*). On May 15, 2017, the SSA

declined to review the ALJ's decision in connection with Plaintiff's first application for benefits, and Plaintiff apparently did not further appeal that first decision. (*Id.*).

On August 4, 2017, Plaintiff applied for benefits for a second time, the application out of which this lawsuit arises. (*Id.*). Plaintiff's second application included a new request for benefits for a period beginning February 2, 2017. (*Id.*). The SSA again denied that second application for benefits initially on January 12, 2018, and on reconsideration on April 19, 2018. (*Id.*). On November 30, 2018, a second ALJ (hereafter "the ALJ") issued a decision denying benefits after a hearing. [1] (*Id.*). The SSA again declined to review that ALJ's decision on November 25, 2019. (*See* Appeals Council Denial, R. Ex. 2, Doc. 6-2, #18). That means that the ALJ's decision is the SSA's final determination in this matter.

On January 29, 2020, Plaintiff filed a Complaint asking this Court to reverse that determination. (*See* Doc. 4). The Court assigned the matter to a Magistrate Judge under Southern District of Ohio Civil Rule 72.2. *See also* Cincinnati Gen. Order No. 14-01 (referring appeals from decisions of the Commissioner of Social Security regarding Social Security benefits to Magistrate Judges).

On May 29, 2020, Plaintiff filed her Statement of Specific Errors (Doc. 10). Plaintiff's sole argument was that the ALJ erred in failing to consider Plaintiff's use

---

[1] The second ALJ determined that the first ALJ's decision was res judicata as to the period before February 2, 2017, and therefore considered only the period beginning on that date. (*See* ALJ Decision, R. Ex. 2, Doc. 6-2, #32); *see also Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997) ("Social security claimants are bound by the principles of res judicata.") (citation omitted); 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing."). Plaintiff does not challenge the second ALJ's application of res judicata principles here.

of a cane in the ALJ's analysis of Plaintiff's capacity for work. (*See generally id.* at #2371–74). On January 19, 2021, the Magistrate Judge issued an R&R (Doc. 17), recommending that this Court affirm the SSA's determination and close Plaintiff's case. On February 2, 2021, Plaintiff filed a timely Objection (Doc. 18). The Commissioner did not respond to Plaintiff's Objection (Doc. 18). The matter is now before this Court.

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

But that is not the only relevant standard of review here. In this case, the Magistrate Judge was reviewing a decision by an ALJ employed by the SSA. Judicial review of such decisions is quite constrained. In particular, courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive …."). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Ealy*, 594 F.3d at 512. So long as substantial evidence supports the Commissioner's conclusion, the Court should affirm, even if substantial evidence in the record would also support a different conclusion. *Id.*

However, even if supported by substantial evidence, a decision should not be affirmed if "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Putting all that together, this Court's job is to review de novo whether the Magistrate Judge was correct in determining that the ALJ's decision applied the correct legal standards (including the SSA's own regulations) and was supported by substantial evidence.

## LAW AND ANALYSIS

For purposes of Social Security disability benefits, a disability is defined in relevant part as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). By regulation, the SSA has developed a five-step analysis to determine whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[2] As relevant here, to be entitled to benefits, a claimant may not be gainfully employed,

---

[2] The first of these regulatory sections applies to applications for disability insurance benefits, the second to applications for Supplemental Security Income disability benefits. *Compare* 20 C.F.R. § 404.1520(a)(2), *with* § 416.920(a)(2). Their requirements are identical in all respects relevant here.

and must have a severe, medically determinable physical or mental impairment. *See id.* The SSA considers some impairments, listed in a regulatory appendix, to be so severe that they automatically entitle a claimant to benefits. *See id.* But if a claimant's impairment, or its equivalent, does not appear on the SSA's list, then the SSA must consider whether the claimant can work, either by continuing to do the kind of work the claimant has done in the past (if any), or by making an adjustment to a new kind of work. *See id.* If so, the claimant is not disabled. *See id.*

Here, the ALJ concluded that Plaintiff was not disabled because Plaintiff could perform "light work," with some further restrictions, as defined by SSA regulations. (*See* ALJ Decision, R. Ex. 2, Doc. 6-2, #39 (citing 20 C.F.R. § 404.1567(b) (defining "light work"))). Plaintiff challenges only the ALJ's failure to consider Plaintiff's use of a cane in reaching that conclusion. (*See* Obj., Doc. 18, #2423–24; Statement of Specific Errors, Doc. 10, #2371–74). The ALJ's entire discussion of that issue was as follows: "She uses a cane to assist with ambulation, as has fallen from lower extremity numbness. The claimant was not prescribed but purchased by her sister." (ALJ Decision, R. Ex. 2, Doc. 6-2, #41; *see also* R&R, Doc. 17, #2410). Plaintiff argues that the ALJ erred by failing to include Plaintiff's alleged need to use a cane in the assessment of Plaintiff's capacity for work. (*See* Obj., Doc. 18, #2423–24). In the alternative, Plaintiff argues that the ALJ was at least required to explain the omission of any discussion of Plaintiff's alleged need for a cane from the ALJ's evaluation of Plaintiff's capacity for work. (*See id.* at #2424).

5

By regulation, the SSA has specifically addressed consideration of use of a cane (or other "hand-held assistive device") in disability determinations as follows: "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed …." Soc. Sec. Ruling 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

Many court cases have also addressed Social Security benefits claimants' arguments that an ALJ failed to properly account for their use of a cane. Perhaps unsurprisingly in light of the regulation cited above, those cases have tended to fall into two categories. On one side lie cases where there was at least some evidence affirming that the claimant not only in fact used a cane, but also that a medical care provider had determined that the claimant *needed* to do so, such that the ALJ was required to either consider the cane, or at least explain why the ALJ had not discussed cane usage, as part of determining the claimant's capacity for work. *See, e.g., Penn v. Astrue*, No. 2:09-cv-00169, 2010 WL 547491, at *5 (S.D. Ohio Feb. 12, 2010) (two doctors had "either prescribed a cane for [claimant] or stated that she needed one"); *White v. Barnhart*, 153 F. App'x 432, 433 (9th Cir. 2005) (doctor found claimant could walk for "only a short distance" without cane); *Burns v. Astrue*, No. CV 08-1112-PLA, 2009 WL 950773, at *6 (C.D. Cal. Apr. 7, 2009) (claimant's physician had ordered a cane for her).

On the other side are cases in which there was no medical documentation stating that a claimant needed to use a cane, such that the ALJ did not err either by

(1) omitting any consideration of the claimant's cane usage in assessing the claimant's capacity for work, or (2) declining to explain that omission. *See, e.g.*, *Parrish v. Berryhill*, CASE NO. 1:16-cv-1880, 2017 WL 2728394, at *12 (N.D. Ohio June 8, 2017), *report and recommendation adopted*, 2017 WL 2720332 (N.D. Ohio June 23, 2017) ("The court finds Plaintiff's argument without merit as she fails to cite any medical documentation demonstrating that her use of a cane was medically required."); *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-CV-1368, 2013 WL 3947160, at *3 (N.D. Ohio Aug. 1, 2013) ("As there is no medical documentation demonstrating that Strain required the use of a cane, the ALJ was correct in not considering it in her questions to the vocational expert."); *Smith v. Astrue*, Civil Action No. 2:11-0065, 2012 WL 4329007, at *8 (M.D. Tenn. July 16, 2012), *report and recommendation adopted*, 2012 WL 4328993 (M.D. Tenn. Sept. 20, 2012) ("Even if the ALJ had not discussed the use of the cane, Plaintiff failed to provide medical documentation of its requirement.").

Plaintiff's case here falls into the latter category of cases. Plaintiff has not pointed this Court to any medical documentation that either states that Plaintiff needs a cane or explains under what circumstances that need arises, as the relevant regulation requires. *See* Soc. Sec. Ruling 96-9p, 1996 WL 374185, at *7. Accordingly, it was not error for the ALJ either to fail to include use of a cane in the ALJ's assessment of Plaintiff's capacity for work, or to fail to explain that omission. *See Parrish*, 2017 WL 2728394, at *12; *Strain*, 2013 WL 3947160, at *3; *Smith*, 2012 WL 4329007, at *8.

Relying only on citations to the Magistrate Judge's R&R (Doc. 17), rather than the underlying factual record or relevant legal authority, Plaintiff insists that a "plethora" of evidence supports Plaintiff's need to use a cane. (*See* Obj., Doc. 18, #2423). But Plaintiff's plethora comes up short. (*See id.* at #2423–24). On one hand, Plaintiff cites the R&R's finding that there was evidence, including notes from doctor visits, observing that Plaintiff in fact used a cane. (*Id.* at #2424 (citing R&R, Doc. 17, #2414)). On the other hand, Plaintiff refers to the R&R's finding that there was medical evidence that Plaintiff had lower back pain and left leg numbness and was at risk of falling. (Obj., Doc. 18, #2423–24 (citing R&R, Doc. 17, #2414)). What is missing from Plaintiff's Objection, though, is citation to any affirmative medical evidence stating that Plaintiff *needed* to use a cane. *See Parrish*, 2017 WL 2728394, at *12; *Strain*, 2013 WL 3947160, at *3; *Smith*, 2012 WL 4329007, at *8.

At most, Plaintiff points to evidence from which the ALJ might have inferred, albeit engaging in some degree of speculation, that Plaintiff needed to use the cane that she in fact used. But there are two problems with that. First, Social Security Ruling 96-9p explains that to find that use of a cane is "medically required," there "must" be "medical documentation" of *both* the need to use a cane and the extent of that need. *See* 1996 WL 374185, at *7. Accordingly, the ALJ was not free to find that Plaintiff needed to use a cane in the absence of such documentation. But, as discussed above, Plaintiff has not pointed this Court to any "medical documentation" that even states that Plaintiff needed to use a cane, much less explains under what circumstances that need arises. *See id.* Second, even if the ALJ *could* permissibly

have reached a different conclusion regarding Plaintiff's need to use a cane, which in the Court's view the ALJ could not have done consistent with the applicable regulation, that would not mean that the ALJ's omission of that alleged need from her assessment of Plaintiff's capacity for work was not supported by substantial evidence. *Ealy*, 594 F.3d at 512. At most, it would mean that reasonable minds could differ as to Plaintiff's need to use a cane. That would require this Court to affirm rather than reverse the ALJ's conclusion. *See id.*

For closely related reasons, the ALJ's failure to explain the omission of Plaintiff's alleged need to use a cane from the ALJ's evaluation of Plaintiff's capacity for work was not reversible error. Because Plaintiff failed to satisfy the requirements of Social Security Ruling 96-9p, the ALJ had no special obligation to account for Plaintiff's alleged need to use a cane in the ALJ's assessment of Plaintiff's capacity for work. Instead, the background principle that the ALJ need not "discuss every piece of evidence in the record to substantiate the ALJ's decision" applies here. *See Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citation omitted).

Finally, even if there were some requirement that the ALJ discuss Plaintiff's use of a cane in this context, which Plaintiff has not established, any resulting error would be harmless. Under the applicable regulation, and given Plaintiff's abject failure to provide medical documentation, the ALJ could only have found that Plaintiff had not met her burden to show that her use of a cane was medically necessary. *See* Soc. Sec. Ruling 96-9p, 1996 WL 374185, at *7; *see also Strain*, 2013 WL 3947160, at *3 ("[R]emand would be pointless, as even a more substantive inquiry

would yield the same result: that [the claimant] cannot demonstrate that she needs, as a matter of medical necessity, the use of a cane.").

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objection (Doc. 18), **ADOPTS** the Magistrate Judge's R&R (Doc. 17), **DISMISSES** Plaintiff's Complaint (Doc. 4) **WITH PREJUDICE**, and **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

January 21, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**